Bruni v Board of Mgrs. of the Trafalgar House Condominium (2026 NY Slip Op 01843)

Bruni v Board of Mgrs. of the Trafalgar House Condominium

2026 NY Slip Op 01843

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Index No. 110305/09|Appeal No. 6227|Case No. 2024-06913|

[*1]Francesco Bruni et al., Respondents,
vBoard of Managers of the Trafalgar House Condominium, et al., Appellants.

Boyd Richards Parker & Colonnelli, P.L., New York (Manu Leila Davidson of counsel), for appellants.
Bierman & Associates, New York (Mark H. Bierman of counsel), for respondents.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about June 23, 2023, which denied defendants' motion for summary judgment dismissing plaintiffs' causes of action under the New York City Human Rights Law (City HRL) and 42 USC §§ 1981, 1982, 1985, and 1986, unanimously affirmed, without costs.
As an initial matter, defendants' appeal is timely, as they filed an appeal within 30 days of their notice of entry on October 21, 2024 (CPLR 5513[a]).
In this action alleging housing discrimination, plaintiffs met their prima facie burden of showing that they were members of a protected class, and that the challenged actions occurred under circumstances giving rise to an inference of discrimination (see Administrative Code of City of NY § 8-107[5][a]; Francis v Kings Park Manor, Inc., 992 F3d 67, 73 [2d Cir 2021]; Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 514 [1st Dept 2016] [applying the McDonnell Douglas framework in the employment context], lv denied 28 NY3d 902 [2016]). Plaintiff Evelyn Bruni testified that when she applied for a position on the board, defendants chose a Caucasian man over her, even though she had lived in the building for nearly 15 years and had relevant experience. Plaintiff Francesco Bruni's testimony and the emails among the individual defendants show that plaintiffs were burdened with additional requirements when making alterations to their unit that other nonminority owners did not face. Emails among the individual defendants reflect that they used derogatory names to refer to plaintiffs, which could reflect discriminatory animus when taken with all the other evidence (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 36 [1st Dept 2011], lv denied 18 NY3d 811 [2012]).
Defendants' contention that plaintiffs' discrimination claims fail because there is no evidence that they used racial epithets or made overt comments about plaintiffs' national origin, race, or accent is unavailing (see id. at 36). Defendants' argument that they had legitimate nondiscriminatory reasons for their conduct is unpreserved for review, as it was never raised before the motion court (see ID Beauty S.A.S. v Coty Inc. Headquarters, 164 AD3d 1186, 1186 [1st Dept 2018]). In any event, defendants fail to establish "that there is no evidentiary route that could allow a jury to believe that discrimination played a role in the challenged action" (Bennett, 92 AD3d at 40). As there remain issues of fact as to whether discrimination played any role in the challenged conduct, summary judgment for plaintiffs is not warranted (see Contreras v 3335 Decatur Ave. Corp., 173 AD3d 496, 497 [1st Dept 2019]).
The court also properly denied summary judgment to defendant with respect to the retaliation claim. The City HRL provides, in relevant part, that "[i]t shall be . . . unlawful . . . to retaliate . . . in any manner against any person because such person has . . . opposed any practice forbidden under this chapter" (City HRL § 8-107[7]). To be actionable, the retaliatory act complained of need only be "reasonably likely to deter a person from engaging in protected activity" (id.).
Plaintiff Evelyn Bruni testified that while on the Board she complained that she was being treated in a disparate manner, different from how the other Board members were being treated. Subsequently, her counsel sent six letters to the Board between 2008 and 2009 that detailed the disparate and discriminatory treatment she claims to have suffered, ultimately culminating in the filing of this lawsuit in July of 2009. At least some of the disparate treatment she claims to have suffered occurred after she lodged her formal complaints of discriminatory conduct (cf. Gonzalez v EVG. Inc., 123 AD3d 486, 487 [1st Dept 2014][complaints about generalized harassment too ambiguous to constitute protected activity under the statute]).
For example, in early December 2008 — shortly after plaintiffs had sent their initial attorney letters — plaintiffs contend that defendants required them to break open the entirety of their newly-tiled bathroom wall under the pretext that they had to inspect whether "check valves" had been placed within the shower wall, even though other non-Hispanic and non-immigrant owners had not been required to install check valves when performing similar work. There thus remain factual issues with respect to the retaliation claim, and the Supreme Court properly preserved it.
Because plaintiffs' claims under 42 USC §§ 1981 and 1982 are analyzed under the same burden-shifting framework, summary judgment was properly denied as to these claims as well (see Francis, 992 F3d at 73; see e.g. Knox v CRC Mgt. Co., LLC, 134 F4th 39, 47 [2d Cir 2025]). The motion court properly denied defendants' motion as to the 42 USC §§ 1985 and 1986 claims because defendants plainly failed to make any nonconclusory argument as to why these claims should be dismissed.
The motion court correctly denied summary judgment on plaintiffs' claims of aiding and abetting discrimination because the evidence showed that the individual defendants and the managing agent were aware of each other's alleged discriminatory conduct and did nothing to stop it (see Ajoku v New York State Off. of Temporary & Disability Assistance, 198 AD3d 437, 438 [1st Dept 2021], lv denied 38 NY3d 908 [2022]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026